IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| ROBERT RUSHTON | § | |
| | § | |
| *Plaintiff*, | § | CASE NO._____ |
| | § | |
| v. | § | JURY DEMANDED |
| | § | |
| | § | |
| B & S WOODWORKING INC. and | § | |
| CODY BARRETT, | § | |
| | § | |
| *Defendants*. | § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Robert Rushton ("Plaintiff" or "Rushton"), files this Complaint against Defendants, B & S Woodworking Inc. and Cody Barrett (collectively "Defendants" or "B & S"), and respectfully shows the Court as follows:

### I.   INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") seeking damages for Defendants' misclassifying Plaintiff as an exempt employee, and for failing to pay Plaintiff overtime pay for all hours worked over forty during each workweek while working for Defendants.

2. Plaintiff Robert Rushton also brings an action for breach of contract for B & S' failure to pay him his full compensation pursuant to the terms of their agreement.

3. Plaintiff Robert Rushton seeks all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, pre- and post-judgment interest, and punitive

damages. Plaintiff Robert Rushton also seeks all damages available pursuant to his claim for breach of contract.

## II.   PARTIES

4. Plaintiff is an individual citizen of the state of Texas and was employed by Defendants in Lubbock TX, between May of 2019 and May of 2022..

5. B & S Woodworking Inc. is a domestic for-profit corporation organized under the laws of the State of Texas.  B & S' principal place of business is 5929 Woodrow Road, Lubbock, Texas 79424. Its Registered Agent is Cody Barrett, and he can be served with process at 7201 87th Street, Lubbock, Texas 79424, or wherever he may be found.

6. Cody Barrett is the President of B & S and may be served with process at 7201 87th Street, Lubbock, Texas 79424, or wherever he may be found.

7. During all times relevant to this lawsuit, Defendants have done, and continue to do, business in the State of Texas.

8. At all times relevant to this lawsuit, Defendants are and have been an "enterprise engaged in commerce" as defined by the FLSA.

9. Whenever it is alleged that Defendants committed any act or omission, it is meant that the companies' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of B & S, or was done in the routine and normal course and scope of employment of the companies' officers, directors, vice-principals, agents, servants or employees.

10. At all times relevant to this lawsuit, Defendants employed and continue to employ two or more employees.

11. Defendants were an employer of Plaintiff.

12. At all times relevant to this lawsuit, Defendants employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

13. At all times relevant to this lawsuit, Defendants had annual gross sales or business volume in excess of $500,000.00.

### III.   JURISDICTION & VENUE

14. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

15. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Lubbock Division of the Norther District of Texas.

### IV.   FACTS

16. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

17. Defendant B & S is a company that provides residential and commercial custom woodworking and cabinetry services to its customers. Together both Defendants employed Rushton as a sales estimator from approximately May 2019 through May 2022. As a sales estimator, Rushton's responsibilities primarily involved conducting necessary research and discovery to formulate an estimate, checking specifications and addendums, sending estimates to general contractors, researching other bidders, reviewing and signing contracts, and building out

the projects. None of Rushton's job responsibilities caused him to be an exempt employee under the FLSA.

18. Rushton was paid on a salary basis, was misclassified as an exempt employee, and was not paid overtime despite regularly working over forty (40) hours every week. As a result, Rushton was not paid overtime in all work weeks in which he worked more than forty (40) hours.

19. Defendants intentionally misclassified Rushton to avoid paying overtime. Defendants knew their pay practices were in violation of the FLSA, but still implemented unlawful pay policies and pay practices.

20. In addition to Defendants' failure to pay Rushton overtime pay, Defendants also failed to pay Mr. Rushton for previously agreed upon commissions, i.e., non-discretional bonuses based on the commercial division's sales numbers.

21. When Rushton first came to work for B & S, Defendant Barrett told Rushton that he would be paid commissions in addition to his salary. Specifically, Rushton believed that they had agreed upon a commission rate equal to 5% of gross sales. From the time Rushton started working for Defendants, he did in fact receive multiple commissions, however, they did not amount to 5% of gross sales.

22. Accordingly, in February of 2021, Rushton and Defendant Barrett sat down to discuss the issues surrounding the amount and method of calculation for the commissions paid to Rushton. During the meeting, Barrett explained that the commission amount was calculated by taking 5% of gross sales, minus Rushton's base salary. Rushton expressed concerns, as this is not what was agreed to when he came to work for Defendants. Pursuant to the parties' apparent misunderstanding regarding the way Rushton's pay should be calculated, Defendants paid Rushton an additional $15,000 to make up for any unpaid commissions or misunderstandings between the

parties to date. From that point on, the parties agreed that Rushton would be paid commissions equal to 5% of gross monthly sales, minus his monthly salary. In the event that 5% of gross monthly sales was less than Rushton's monthly salary, no commission would be paid.

23. Rushton continued to work for B & S through May of 2022, until his employment ended. However, since February 2021, the date that Rushton met with Defendant Barrett to discuss his commission payment structure, Defendants failed to pay Rushton a single commission in any amount, thereby breaching their compensation agreement with Rushton.

24. The payment of Rushton's commission was not a discretionary bonus, but rather, an agreement to pay Rushton additional compensation based on monthly sales. The payment of Rushton's commission was not dependent upon the financial condition of the company.

## V.   FLSA CLAIMS FOR OVERTIME PAY

25. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

26. All conditions precedent to this suit, if any, have been fulfilled.

27. At all relevant times, Defendants were Plaintiff's employers under the FLSA and were engaged in commerce under the FLSA.

28. Plaintiff was not exempt from overtime under the FLSA and was paid on a salary basis.

29. Plaintiff worked more than forty hours per workweek for Defendant but was not paid time and one-half his regular rate of pay for all hours worked over forty (40) in each workweek.

30. Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping

requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a) and 516.5. Defendants' violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rate of pay for all hours worked over forty in a workweek. Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendants' willful conduct. 29 U.S.C. § 255(a).

31. Plaintiff seeks all damages available at law for Defendants' failure to pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.   BREACH OF CONTRACT CLAIM

32. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

33. Rushton and Defendants entered into a valid contract regarding Rushton's compensation and how he would be paid commissions. Rushton fully performed under the contract by continuing to work for Defendants during the time of his employment, thereby entitling him to certain commissions. Defendants breached the parties' contract regarding the payment of commissions to Rushton by failing to pay *any* commissions after February 2021, despite having previously agreed to do so.  Rushton was damaged by Defendants' failure to pay him his full compensation that included commissions.

## VII.   UNPAID WAGES AND DAMAGES

34.  All Defendants are joint and severally liable as employers as defined under the FLSA 29 U.S.C. § 203(d). Further, all defendants are liable for breach of contract, as Barrett entered into the compensation agreement both individually and on behalf of B & S with Rushton.

Accordingly, Plaintiff seeks damages from all Defendants for the following unpaid wages and damages:

    a.    Payment for all unpaid overtime back wages resulting from compensable time worked but for which no overtime pay was received over the past three years as a result of Defendants' willful violations of the FLSA and as permitted under the FLSA 29 U.S.C. § 255(a);

    b.    Liquidated damages equal to the amount of unpaid back wages; and

    c.    Compensatory damages equal to the amount of Rushton's duly owed commissions

## VIII.   ATTORNEYS' FEES AND COSTS

35.   As a result of Defendants' conduct, Plaintiff has retained the undersigned counsel to prosecute his claims and seek to recover his attorneys' fees, expert witness fees, and any costs incurred from bringing this action under 29 U.S.C. § 216(b). Plaintiff further seeks attorney fees pursuant to Texas Civil Practice and Remedies Code § 38.001(b)(8).

## IX.   JURY DEMAND

36.   Plaintiff demands a jury trial on all issues.

## X.   PRAYER

37.   For these reasons, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing, the Court enter Judgment against Defendants for the following costs, fees, and damages:

    a.    Unpaid overtime back pay going back three years in favor of Plaintiff;

    b.    liquidated damages in favor of Plaintiff;

  c. costs of this action, including the fees and costs of experts and reasonable attorneys' fees in favor of Plaintiff;

  d. pre-judgment and post-judgment interest at the maximum rate allowed by law in favor of Plaintiff;

  e. compensatory damages for failing to pay Rushton any commissions after February of 2021, and

  g. such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
 Fernando M. Bustos; SBN: 24001819
 fbustos@bustoslawfirm.com
 Brandon C. Callahan; SBN: 24096175
 bcallahan@bustoslawfirm.com
 Matthew N. Zimmerman; SBN: 24100386
 mzimmerman@bustoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
ROBERT RUSHTON